IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAIRAM WILIAMNY GARCIA TAVARES, | ) ) ) | |
| Petitioner, | ) ) | No. 26 CV 7814 |
| v. | ) ) | Hon. Jeffrey I. Cummings |
| MISTY MACKEY, Warden, Midwest Regional Reception Center, [1] | ) ) ) | |
| Respondent. | ) ) | |

## ORDER

Before the Court is Petitioner's petition for writ of habeas corpus, (Dckt. #1), in which she alleges that her due process rights are being violated by her continued detention following her recent arrest by U.S. Immigration and Customs Enforcement agents. Respondent maintains that Petitioner is "lawfully detained pursuant to 8 U.S.C. §1225, which provides for mandatory detention during removal proceedings for 'applicant[s] for admission.'" (Dckt. #8 at 3 n.1). On the record before the Court, and in light of the Seventh Circuit's ruling in *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315 (7th Cir. July 30, 2026), the Court grants Petitioner's petition, (Dckt. #1), as set forth below.

Petitioner is a citizen of Venezuela. On or about April 15, 2023, U.S. Customs and Border Protection apprehended Petitioner near El Paso, Texas after she had unlawfully entered the United States without inspection. She was issued a Notice to Appear ("NTA") for removal proceedings, on which officials checked the box stating, "You are an alien present in the United States who has not been admitted or paroled." (Dckt. #8-2 at 1). Petitioner was then released on her own recognizance and placed on the Alternatives to Detention ("ATD") program. However, according to Respondent, in July 2023, ICE terminated Petitioner from the ATD program purportedly because she failed to report as required.[2] Petitioner appeared once before an immigration judge in Chicago on June 3, 2025, but subsequent hearings did not proceed in

---

[1] Respondent represents that Petitioner has been transferred to the Midwest Regional Reception Center in Leavenworth, Kansas, which is under the purview of Warden Misty Mackey. Because Warden Mackey is petitioner's immediate custodian, the Court substitutes her as Respondent in this matter pursuant to Federal Rule of Civil Procedure 25(d). Moreover, Respondent has confirmed that Petitioner was in custody in Illinois when she filed her petition and, as such, "the Court may properly hear the petition regardless of [her] subsequent transfer." *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at *1 (N.D.Ill. Nov. 3, 2025).

[2] The document cited for this reason for termination does not, in fact, include any such reason for the termination. (*See* Dckt. #8-1 at 3 ("On July 27, 2023, ICE ERO terminated Garcia from ATD.")).

Chicago because petitioner reported she had relocated to Colorado.  Ultimately, on July 2, 2026, an ICE officer encountered petitioner and arrested her pursuant to a warrant.

Because the Seventh Circuit's opinion in *Rojas* dooms the Government's contention that mandatory detention is appropriate in these circumstances under 28 U.S.C. §1225, the Court grants Petitioner's petition for habeas relief.  *Cirrus Rojas*, 2026 WL 2198315, at *2 ("We hold that Cirrus Rojas is not 'seeking admission'—and thus not covered by Section 1225(b)(2)(A)—because that is his real-world status.  We join the majority of the circuits that have confronted this question in rejecting the government's newfound statutory requirement for mandatory detention, which rests upon the illogical use of both legal fiction and ordinary meaning for the same term."); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026) ("In summary, the text, statutory context, legislative history, and long-standing Executive practice all confirm that §1225(b)(2)(A) applies to 'applicants for admission' who are seeking lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior.") (opinion of Lee, J.); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (same); *Hernandez Alvarez v. Warden Miami FDC*, 175 F.4th 1258 (11th Cir. 2026) (same); *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) (same).

Within five days of this order, Respondent must either: (1) provide Petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk; or (2) release Petitioner from custody under reasonable conditions of supervision.  The parties shall file a joint status report by August 18, 2026, that updates the court on Petitioner's release status, including whether and when a bond hearing was held, and informs the Court, in detail, the reasons for the Immigration Judge's decision.  The previously set July 24, 2026 tracking status hearing is stricken and reset to August 24, 2026 at 9:00 a.m. (to track the case only, no appearance is required).

**Date: August 7, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

2